(No. 94-CC-3244–■■■■)

MICHAEL JACOBSON and ALVIN MILLER, Individually and as class representatives, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 31, 2000.*

ICE, MILLER, DONADIO & RYAN (JOHN F. DONAHUE, of counsel), for Claimants.

JIM RYAN, Attorney General (FRANCIS L. OSTIAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

RAUCCI, C.J.

This cause comes before the Court on a claim by Claimants for damages for income and employment benefits they lost when removed from tenured positions as

school principals. Claimants allege that they represent a class of individuals who were unlawfully removed from their tenured positions with the Chicago Public School System following the Illinois Legislature's enactment of Public Act 85-1418. The Illinois Supreme Court in *Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 566 N.E.2d 1283 later found Public Act 85-1418 unconstitutional.

We note that Claimants, and the purported class they seek to represent, allege that Public Act 85-1418 established elected school councils at each attendance center in the Chicago Public School System, and that each local school council could choose not to retain its existing principal for any reason. The Claimants allege that, prior to the effective date of Public Act 85-1418, a principal who successfully completed a probationary period of three years to earn tenure as a principal could not be removed except for cause, and then only after a full hearing. Claimants allege that they had tenure and were removed from their positions as principals pursuant to the provisions of Public Act 85-1418.

The State has filed a motion to dismiss claimant's complaint. The State asserts that the Claimants have failed to state a cause of action against the Respondent. The State provides that it never entered into a contract with the Claimants. Therefore, the Court has no jurisdiction to hear this matter in accordance with section 8 of the Court of Claims Act. 705 ILCS 505/8.

The Claimants claim the language in Public Act 85-1418 which provided in part: "[a]ll persons serving as principal * * * shall be deemed by operation of law to be serving under a performance contract which expires on June 30, 1990. * * *," is operative in determining this Court's jurisdiction. Claimants claim the unconstitutional provisions

by "operation of law" terminated Claimants' employment on June 30, 1990, when the Claimants had rights to continued employment that were not validly repealed.

The State relies on *Pittman v. Chicago Board of Education* (1995), 64 F. 3d 1098, 1104, which found:

"If tenure for principals were a term in a contract between the principals and the board of education, the state could not abrogate the term without a greater showing of justification than has been attempted. It is not a term in a contract. It is a term in a statute, and a statute is presumed not to create contractual rights."

The Court in *Pittman* further held that "The only way the state can commit itself is by making a contract, and Illinois has signally failed to do that with these public school principals. To treat statutes as contracts would enormously curtail the operation of democratic government." *Id.* at 1104.

In *Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 105, 566 N.E.2d 1283, 153 Ill. Dec. 177, the Court found that "there is no indication in the statute or in our State law that the legislature intended to create vested contractual rights through enactment of the statute." The Court further held that "The legislature must be free to exercise its constitutional authority without concern that each time a public policy is expressed contractual rights may thereby be created." *Id.* at 106.

This Court lacks jurisdiction over claims not brought in accordance with section 8 of the Court of Claims Act. Based on the foregoing, the Claimants' claim fails to allege a contract entered with the State of Illinois. The Public Act did not create a contract between the Claimants and the State of Illinois. Therefore, we are constrained to dismiss this claim.

It is therefore ordered, adjudged and decreed that this claim is dismissed with prejudice.